UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HAROLD DEWEY WEAVER, JR., | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:09-CV-1955-JCH |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### **MEMORANDUM AND ORDER**

Movant seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Having reviewed the motion [Doc. #1], the Court will order movant to show cause as to why the Court should not dismiss this action as time-barred under 28 U.S.C. § 2244(d)(1).

On December 20, 2007, after pleading guilty to one count of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1), movant was sentenced to 120 months imprisonment and three years of supervised release. See United States v. Weaver, No. 4:07-CR-185-JCH (E.D.Mo.). Movant did not appeal his conviction.

#### **Motion to Vacate**

Movant seeks to vacate, set aside, or correct his conviction and sentence on the grounds that the prosecuting attorney committed fraud in obtaining a judgment against movant, and this Court lacked "exclusive venue and jurisdiction over the

exact geographical location where the alleged criminal activity . . . took place."

## Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal. Movant was sentenced on December 20, 2007, and the instant motion was placed in the prison mailbox on November 18,

2009 [Doc. #1], well after the expiration of the one-year limitations period. Plaintiff's claim that this Court lacked jurisdiction over his criminal action is patently frivolous. It is axiomatic that "[s]ubject matter jurisdiction (in the sense of judicial power) over federal criminal prosecutions is conferred on district courts by 18 U.S.C. § 3231," United States v. Hartwell, 448 F.3d 707, 716 (4th Cir. 2006). In addition, "there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry.'" Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant motion appears to be time-barred.

**IT IS FURTHER ORDERED** that movant shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant motion as time-barred. Movant's failure to file a show cause response shall result in the denial of the instant motion to vacate and the dismissal of this action as time-barred.

Dated this 12th day of February, 2010

                                                **/s/ Jean C. Hamilton**
                                                **UNITED STATES DISTRICT JUDGE**